FILED
APR - 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Elvis Ortiz, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00481 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 4/3/2015 |
| Gene E. K. Pratter *et al.*, ) | Description: Pro Se Gen. Civil (F Deck) |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a "*Bivens* Action" and application to proceed *in forma pauperis*. The Court will grant the application and will dismiss this case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is prisoner at the United States Penitentiary in Inez, Kentucky. He is serving a life sentence imposed by the United States District Court for the Eastern District of Pennsylvania following a jury trial in 2006. *See United States v. Ortiz*, No. 2-05-CR-000044-10, 2013 WL 5942313, at *1 (E.D. Pa. Nov. 4, 2013). In this action purportedly brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff alleges that he has been trying since 2007 to obtain his sentencing transcripts, jury instructions, and jury verdict form "so that he may be enabled to produce and file an effective motion collaterally attacking his conviction and sentence." Compl. ¶ 4. He wants this Court to "instruct[]" the sentencing court to produce the foregoing documents. *Id.* at 9 (page number supplied). Plaintiff accuses each of the named defendants--United States District Judge Gene E.K. Pratter, Clerk of



Court Michael E. Kunz, and Assistant United States Attorney David E. Troyer--of denying the requested materials. *See id.* ¶¶ 3-4.

Plaintiff has attached to the complaint a partial docket from the Eastern District of Pennsylvania that reflects that court's order denying plaintiff's *pro se* motion for the production of papers without prejudice "to allow[ing] [his] counsel . . . to re-file the motion if counsel, in consultation with his client, determines to do so." Compl. Attach. A. The Eastern District of Pennsylvania and this Court have the same jurisdiction conferred by 28 U.S.C. §§ 1331, 1332. This Court can neither review the decisions of its sister court nor compel it to act. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) ("By filing a complaint in this Court against federal judges who have done nothing more than their duty . . . Fleming has instituted a meritless action.") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Accordingly, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: April __2__, 2015

United States District Judge